UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYKESHA STOKES,                                                    Petitioner,

v.                                                  Civil Action No. 3:22-cv-246-DJH-RSE

JERRY COLLINS and
RUSSELL COLEMAN,[1]                                             Respondents.

\* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Tykesha Stokes filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking "release from [a] contempt sentence of 30 days['] imprisonment" that a Jefferson County Circuit Court Judge "imposed upon her."[2]  (Docket No. 1)  The Court referred the matter to Magistrate Judge Regina S. Edwards for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) & (B).  (D.N. 4)  Judge Edwards issued her Findings of Fact, Conclusions of Law, and Recommendation on September 12, 2023, recommending that the petition be denied.  (D.N. 28)  Stokes timely objected.  (D.N. 31; *see* D.N. 29; D.N. 30)  After careful consideration, the Court will sustain in part and overrule in part Stokes's objections, adopt Judge Edwards's report and recommendation in part, and deny Stokes's petition.

## I.

On December 17, 2019, Jefferson Circuit Judge Audra J. Eckerle sentenced Stokes's son to five years' imprisonment.  (D.N. 8-1 at 09:16:35–09:16:41)  Upon hearing the sentence, Stokes stood and walked toward the courtroom exit, stating: "I don't know how you all sleep at night."

---

[1] Russell Coleman, as Daniel Cameron's successor as Kentucky Attorney General, is substituted as a defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] Stokes later amended her petition.  (D.N. 8)

(*Id.* at 09:16:42–09:16:47)   Immediately after Stokes's comment, Judge Eckerle instructed the deputy sheriff to "take [Stokes] into custody." (*Id.* at 09:16:48–09:16:50)  Almost simultaneously, Stokes exited the courtroom. (*Id.* at 09:16:50)  The recording ends soon after (*id.* at 09:17:25) and resumes one minute later with Stokes asking whether she would need to serve thirty days in jail. (*Id.* at 09:18:29–09:18:30)  Judge Eckerle confirmed the sentence. (*Id.* at 09:18:31–09:18:33)

Judge Eckerle issued a written Order of Contempt that appears inconsistent with the available courtroom video recording. (*Compare* D.N. 8-2, PageID.71–74 *with* D.N. 8-1 at 09:16:13–09:18:33)  For example, the order states that Stokes "stood up in the gallery and loudly objected to the" sentence and that "[s]he unleashed a tirade of insults and profanity." (D.N. 8-2, PageID.71)  But Stokes's initial comment is barely audible on the video (D.N. 8-1 at 09:16:42–09:16:47), and she spoke but once more to inquire whether she would have to serve the thirty-day sentence. (*See id.* at 09:18:29–09:18:30)  Additionally, according to the order, Stokes "fled from the Courtroom when the Court asked the deputy Sheriff to take her into custody." (D.N. 8-2, PageID.72)  The video, however, shows that Stokes began walking toward the exit before the judge gave the instruction. (D.N. 8-1 at 09:16:42–09:16:50)  Nevertheless, Judge Eckerle concluded that Stokes had "attempted to turn a solemn Court proceeding into an episode of the Jerry Springer show" and ordered that the "sentence of 30 days to serve in jail shall stand." (D.N. 8-2, PageID.73)

Stokes appealed the contempt order, arguing that (1) "the [trial] court erred by failing to hold an evidentiary hearing"; (2) "the [trial] court's factual findings [were] clearly erroneous," resulting in an "abuse[ of] discretion"; and (3) the "contempt finding" was "arbitrary, unfair and unreasonable." (D.N. 19-3, PageID.418–21)  The Kentucky Court of Appeals disagreed, noting that "[t]he mere fact Stokes evaded custody by continuing to walk away and exiting the courtroom after hearing the trial court's order is sufficient evidence to hold her in direct contempt." (D.N.

19-2, PageID.360)  That court also emphasized Stokes's failure to designate a complete record on appeal (*id.*, PageID.360–61) and that her arbitrariness argument lacked support.  (*Id.*, PageID.362) The Kentucky Court of Appeals affirmed the contempt order (*id.*), and the Kentucky Supreme Court denied Stokes's request for discretionary review.  (D.N. 19-4, PageID.480)

Stokes subsequently filed the instant petition, asserting that "[t]he sentence of 30-days for contempt was based on an unreasonable interpretation of the facts" and that she thus "is being deprived of her liberty without Due Process of law, in violation of her Fourteenth Amendment rights."  (D.N. 8, PageID.20)  Magistrate Judge Edwards concluded that the Court should deny Stokes's petition and that no Certificate of Appealability (COA) should issue.  (D.N. 28)  Stokes objects, arguing that (1) her "Fourteenth Amendment claim was misconstrued . . . and misunderstood" (D.N. 31, PageID.621–24); (2) her claim is not procedurally defaulted due to a failure to comply with a procedural rule (*id.*, PageID.624–28); and (3) a COA should issue.  (*Id.*, PageID.628)  The Court considers each objection in turn.

## II.

When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The Court may adopt without review any portion of the report to which no objection is made.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed.  R. Civ. P. 72(b)(3).

### A.    Procedural Default

Stokes claims that her Fourteenth Amendment rights are being violated, asserting that "[t]he Contempt Order was based on an unreasonable interpretation of the facts . . . because the

facts alleged . . . never happened." (D.N. 8, PageID.19–20 (emphasis removed)) Respondents argue that the state court's factual interpretation is irrelevant, claiming that Stokes procedurally defaulted in two ways: (1) she "never presented the [Fourteenth Amendment] claim . . . in state court" and (2) she did not "submit[] a narrative statement of the omitted video record as required by Kentucky's procedural rules." (D.N. 13, PageID.238)

### 1. Fourteenth Amendment Claim

"[F]ederal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) (emphasis removed) (quoting *Franklin v. Rose*, 811 F.2d 322, 324–25 (6th Cir. 1987)). The Court considers four factors in determining whether a claim was fairly presented: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Id.* (citing *Franklin*, 811 F.2d at 326).

Judge Edwards found that Stokes did not fairly present her Due Process claim to the Kentucky courts and was therefore procedurally barred from making the claim in federal court. (D.N. 28, PageID.607–10) The magistrate judge explained that "[a]lthough Stokes'[s] appellate brief claimed that the 'trial court's finding of contempt was an abuse of discretion because it is based on clearly erroneous factual findings,' Stokes provided no constitutional component in this claim"; Stokes failed to "reference either due process or the Fourteenth Amendment"; and Stokes cited only one state-court case that "does not employ federal constitutional analysis." (*Id.* (citing *Cary v. Pulaski Cnty. Fiscal Ct.*, 420 S.W.3d 500 (Ky. Ct. App. 2013)))

4

In her objections, Stokes does not dispute the above conclusion—in fact, she asserts that she never "claimed in her briefing that she presented a federal Fourteenth Amendment due process claim to the state court." (D.N. 31, PageID.622) Rather, she argues that she invoked the fundamental-fairness doctrine, as recognized by the Sixth Circuit. (*See id.*, PageID.622–23 (citing *Norris v. Schotten*, 146 F.3d 314, 329 (6th Cir. 1998))) Under that doctrine, courts can provide "federal habeas relief wh[en] a state court's error in interpreting or applying its own law has rendered the trial that convicted the [petitioner] so fundamentally unfair as to have deprived [the petitioner] of substantive due process in violation of the U.S. Constitution." *Norris*, 146 F.3d at 329 (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Stokes argues that the doctrine applies here because "the state trial and appellate courts' extreme arbitrariness and capriciousness in making findings that contravene the clear evidence in this case" violate the Fourteenth Amendment. (D.N. 31, PageID.622) But this is a "[n]ew argument[] raised for the first time in [Stokes's] objection to [the] magistrate judge's report and recommendation a[nd is] considered waived." *Burch v. Mazza*, No. 1:20-CV-204-GNS-HBB, 2022 WL 2121647, at *2 (W.D. Ky. June 13, 2022) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Stokes contends that she raised this argument at the outset but that her "claim was misconstrued by the Respondents' brief and misunderstood by the magistrate [judge]." (D.N. 31, PageID.622) But Stokes's amended petition does not contain the words "fundamental" or "fairness," let alone an assertion that the fundamental-fairness doctrine applies. (*See* D.N. 8, PageID.16–21) Nor does she cite any cases employing the doctrine.[3] (*See id.* (citations omitted)) Moreorover, in their response brief, Respondents cogently argue that Stokes did not "'fairly

_____

[3] The only cases cited in the amended petition are *Hensley v. Municipal Court*, 411 U.S. 345 (1973), and *Strait v. Laird*, 406 U.S. 341 (1972), neither of which applies the fundamental-fairness doctrine. (*See* D.N. 8, PageID.16–18)

present[]' [her Fourteenth Amendment claim] to the state courts."  (*See* D.N. 13, PageID.240

(citing *McMeans*, 228 F.3d at 681))    In reply, Stokes did not highlight the alleged

misunderstanding; instead, she contended that she fulfilled the *McMeans* standard because her

"brief to the Kentucky Court of Appeals complained that the action by the [trial-court] judge was

arbitrary." (D.N. 17, PageID.261 (citing D.N. 12-1, PageID.106))  In sum, Stokes did not properly

assert the fundamental-fairness doctrine in her amended petition, and the argument is therefore

procedurally barred.  *See Burch*, 2022 WL 2121647, at *2 (citing *Murr*, 200 F.3d at 902 n.1).

### 2.    Compliance with Kentucky Rule of Civil Procedure 75.13

Judge Edwards alternatively found that Stokes procedurally defaulted because she failed

to comply with a state procedural rule, Kentucky Rule of Civil Procedure 75.13.[4]  (D.N. 28,

PageID.611–15)  CR 75.13 concerned the completeness of the record on appeal.  *See Harper v.

Commonwealth*, 371 S.W.3d 763, 768–69 (Ky. Ct. App. 2011).  Specifically, Judge Edwards

concluded that "the Kentucky Court of Appeals found Stokes had failed to comply with" the rule

and thus had not reached the merits of Stokes's claim.[5]  (D.N. 28, PageID.611)  Judge Edwards

noted the minute-long gap between the first and second recordings, remarking that "[t]he appellate

court explained it must assume 'any omitted portion of the video record supports the trial court's

---

[4] "Kentucky Rules of Civil Procedure 72–76, which governed appellate procedure, were replaced by the new, stand-alone Kentucky Rules of Appellate Procedure, effective January 1, 2023." *Pedroso v. State Farm Mut. Auto. Ins. Co.*, No. 3:21-CV-540-CHB, 2023 WL 2587492, at *5 n.6 (W.D. Ky. Mar. 21, 2023) (citing *Willet v. Sanitation Dist. No. 1*, No. 2022-CA-73-MR, 2023 WL 2335907, at *3 (Ky. Ct. App. Mar. 3, 2023)).  Stokes appealed the trial court's contempt order before the new rules applied (D.N. 19-1, PageID.268); a failure to comply with CR 75.13 before that date can therefore result in procedural default here.  *See* In re: Order Creating Rules of Appellate Procedure and Amending Rules of Civil Procedure, Criminal Procedure, and Family Court Rules of Practice and Procedure at 1 (Ky. 2022) (No. 2022-49).
[5] The state court did not expressly find a violation of CR 75.13.  (*See* D.N. 19-2, PageID.359–61)

contempt order' because Stokes had not designated and filed a complete record." (*Id.*, PageID.611–12 (citing D.N. 19-2, PageID.361))

"[A] petitioner [can] procedurally default a claim by failing to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006)). "If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted." *Id.* (citing *Lundgren*, 440 F.3d at 763).

Stokes argues that the Kentucky Court of Appeals reached the merits of the issue, asserting that the "appellate court recognized that the trial court judge had already determined she was holding Ms. Stokes in contempt and her sentence before she even left the courtroom. . . . In other words, the state appellate court determined it did not matter what happened next; the criminal contempt decision and sentence was [already] made." (D.N. 31, PageID.627)  Although Stokes's petition will nevertheless be denied for the reasons discussed above, the Court is persuaded by Stokes's argument here and disagrees with Judge Edwards's contrary conclusion.

The Sixth Circuit has not clearly defined what "reach[ing] the merits of [an] issue" entails. *See Williams*, 460 F.3d at 806 (citation omitted).  Generally, however, this form of procedural default is found where the state-court decision rested solely on procedural grounds. *See, e.g.*, *Ayers v. Hall*, No. 3:17-CV-684-GNS-CHL, 2020 WL 4032666, at *5 (W.D. Ky. Mar. 20, 2020) (stating that the state court "declined to address Petitioner's arguments on the merits . . . and expressly relied on [the] failure to present the issue before the trial court as a procedural bar"); *Miller v. Chandler*, No. 08-66-GFVT, 2009 WL 7781533, at *9 (E.D. Ky. Feb. 20, 2009) ("After noting th[e] procedural deficiency, the [state] court did not address the merits, but rather declared the

claim to be unpreserved." (citation omitted)).  Here, the Kentucky Court of Appeals concluded that "[t]he mere fact Stokes evaded custody by continuing to walk away and exiting the courtroom after hearing the trial court's order" justified holding her in contempt.  (D.N. 19-2, PageID.360)  The appellate court also pointed out that "the trial court did not increase Stokes's days of incarceration due to whatever occurred" after the first recording ended.  (*See id.*)  Only after this did the appellate court note Stokes's procedural failing and "duty to see that the record is complete on appeal."  (*Id.*, PageID.360–61)  In sum, the Kentucky Court of Appeals did not resolve Stokes's case solely on procedural grounds (*id.*) and therefore did not "expressly rel[y] on h[er] failure to" designate the entirety of the record "as a procedural bar."  *Ayers*, 2020 WL 4032666, at *5.  Accordingly, the Court will sustain Stokes's objection as to this claim, even though this conclusion does not change the outcome of this matter except as to the issuance of a COA.

**B.     Certificate of Appealability**

"To obtain a COA, a petitioner must make 'a substantial showing of the denial of a constitutional right.'"  *Cupples v. Perry*, No. 17-2046, 2018 WL 4215613, at *1 (6th Cir. June 18, 2018) (citing 28 U.S.C. § 2253(c)(2)).  "A petitioner may meet this standard by showing that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'"  *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "Where the state courts adjudicated the petitioner's claims on the merits, the relevant question is whether the district court's application of 28 U.S.C. § 2254(d) to those claims is debatable by jurists of reason."  *Id.* (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003)).  Both standards are met here.  *See id.*

As an initial matter, the difference between the Court's conclusion above and Judge Edwards's recommendation (D.N. 28, PageID.607–15) demonstrates that reasonable jurists "could

debate whether . . . the petition should have been resolved in a different manner." *Slack*, 529 U.S. at 484.  Moreover, given the major discrepancies between the contempt order's description and the video recording's depiction of Stokes's behavior, "the issues [are] adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 484.  A COA will therefore issue as to whether Stokes procedurally defaulted based on an alleged failure to comply with Kentucky Rule of Civil Procedure 75.13.  *See id.*

### III.

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     Stokes's objection to the magistrate judge's recommendation (D.N. 31) is **SUSTAINED** in part and **OVERRULED** in part.

(2)     The Report and Recommendation of Magistrate Judge Regina S. Edwards (D.N. 28) is **ADOPTED** in part with the changes reflected above and **INCORPORATED** by reference herein.

(3)     A separate Judgment will issue this date.

September 10, 2024

**David J. Hale, Judge**
**United States District Court**

9